## Case No. 1,329.

### BENSUSAN v. MURPHY.

[10 Blatchf. 530;[1] 17 Int. Rev. Rec. 84.]

Circuit Court, S. D. New York. March 14, 1873.

CUSTOMS DUTIES — ACTION TO RECOVER PAYMENT — BOTTLED WINES.

B. imported 444 bottles of wine, containing 83¼ commercial gallons, and of the dutiable value of $96. The 21st section of the act of July 14th, 1870, (16 Stat. 262,) provides, that wines imported in casks, valued at not exceeding 40 cents per gallon, shall pay 25 cents duty per gallon, valued at over 40 cents, and not over $1, shall pay 60 cents, and valued at over $1 shall pay $1, and, in addition thereto, 25 per cent. ad valorem; and that wines imported in bottles, shall pay "the same rate per gallon as wines imported in casks, but all bottles containing one quart, or less than one quart, and more than one pint, shall be held to contain one quart, and all bottles containing one pint, or less, shall be held to contain one pint, and shall pay, in addition, three cents for each bottle." The collector exacted a duty on 111 gallons, at $1 per gallon, and a duty of 25 per cent. ad valorem on $96, and a duty of three cents on each bottle. In a suit by B. to recover back an excess of duty, held, that the wine, being imported in bottles, was not liable to the 25 per cent. ad valorem duty, but only to the duty per gallon; that, as each bottle contained more than one pint, and not more than one quart, each bottle must be held to contain one quart, and the 444 bottles must be held to contain 111 gallons, for the purpose of arriving at its value per gallon, to ascertain the proper rate of duty per gallon, as well as for the purpose of fixing the number of dutiable gallons; that the value, therefore, was over 40 cents, and not over $1, per gallon, and the proper rate of duty per gallon was 60 cents, on 111 gallons; and that the bottles were each subject to 3 cents duty.

[See Cavaroc v. Collector, Case No. 2,529.]

[At law. Action by Joseph Bensusan, Jr., against Thomas Murphy, collector, to recover back duties paid. Judgment for plaintiff.]

The plaintiff imported from Bordeaux, in France, and entered at the custom house at New York, for consumption, 37 cases of claret wine, in bottles, on the 3d of April, 1871. The invoice presented on entry stated the cost of the wine to be 337 francs and 50 centimes, and the price of the bottles and the amount of charges due to be 166 francs and 50 centimes, and the commissions to be 12 francs and 90 centimes, making the total value 516.90 francs, or $96 in United States coin. The charge of 13 francs for consul's certificate was, also, included in the invoice, but was not stated in the entry. The appraisers returned the invoice to the collector, noting thereon, "wine, in cases, of 12 bottles each, 2¼ gallons to the case, $1—25%—3 cts." The collector caused the entry to be liquidated as follows: 111 gallons of wine, at $1 per gallon, $111; $96, (value claimed,) at 25% ad valorem, $24; 444 bottles, at 3 cents each, $13.32; total duty, $148.32—exacting a duty of $68.40 in excess of the duty estimated on entry, which was paid under protest, before the commencement of this suit, to get the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

goods. Each case contained 2¼ standard gallons. The plaintiff made protest and appeal, in due time, against the rate and amount of duty, pursuant to the provisions of sections 14 and 15 of the act of June 30th, 1864, (13 Stat. 214, 215.) The secretary of the treasury having affirmed, on said appeal, the decision of the collector, this action was brought within 90 days after such affirmance, against the collector, to recover $68.40, gold, duty claimed to have been illegally exacted. The invoice did not separate the price of the bottles from the charges, but it was admitted, that the dutiable value of the bottles was at the rate of 20 francs per 100, and, for the 444 bottles, 88.80 francs, being $16.51, in coin. It was admitted, that the 37 cases of claret wine, and the bottles containing the same, were liable to duty, as "wines of all kinds, imported in bottles, and not otherwise herein provided for," under section 21 of the Act of July 14th, 1870, (16 Stat. 262.) The protests were as follows: "New York, May 6th, 1871. Sir: I hereby protest against your assessment of duty at $1 per gallon, and 25 per cent. ad valorem, on certain wine in bottles, (not champagne or sparkling,) imported in the Daniel Webster, from Bordeaux, and entered by the undersigned for consumption, April 3d, 1871, because, (1.) The act of July 14th, 1870, (section 21,) under which duty is assessed, imposes no ad valorem duty on wines in bottles; (2.) Because the quantity of said wine is fixed under said law at three gallons per case, (owing to the size of the bottles,) but, in estimating the value per gallon, you have taken a less quantity than three gallons, as the contents of each case, thereby increasing the value of said wine per gallon, beyond one dollar, and illegally increasing the rate of duty from 60 cents to $1 per gallon, with the further addition, illegally made by you, of 25% ad valorem. We pay the excess exacted under compulsion, solely to get the goods." "New York, May 13th, 1871. Sir: In addition to the objection named in my protest of the 6th inst., against the rate and the amount of duty assessed by you on my entry of wine in bottles, per Daniel Webster, for consumption, dated April 3d, 1871, I protest, also, against the value of the bottles being included in the dutiable value of the wine, as they pay a separate duty as bottles, and against the inclusion of the price of the consular certificate in said dutiable value. I have paid the amount exacted over 60 cents per gallon duty on said wine, under compulsion, to get the goods."

Edward Hartley, for plaintiff.
Noah Davis, Dist. Atty., for defendant.

SHIPMAN, District Judge. The duties on the merchandise in question were levied under the 21st section of the act of July 14th, 1870, (16 Stat. 262,) which, so far as applicable to this class of goods, is as follows: "After the thirty-first day of December,

eighteen hundred and seventy, in lieu of the duties now imposed by law on the articles hereinafter enumerated or provided for, imported from foreign countries, there shall be levied, collected, and paid the following duties and rates. of duties, that is to say: * * * On all wines imported in casks, containing not more than twenty-two per centum of alcohol, and valued at not exceeding forty cents per gallon, twenty-five cents per gallon; valued at over forty cents, and not over one dollar per gallon, sixty cents per gallon; valued at over one dollar per gallon, one dollar per gallon, and, in addition thereto, twenty-five per centum ad valorem. On wines of all kinds, imported in bottles, and not otherwise herein provided for, the same rate per gallon as wines imported in casks, but all bottles containing one quart, or less than one quart, and more than one pint, shall be held to contain one quart. and all bottles containing one pint, or less, shall be held to contain one pint, and shall pay, in addition, three cents for each bottle."

The first question raised by the protest is, whether this wine in bottles is subject to an ad valorem duty. The statute provides, that "wines of all kinds, imported in bottles, and not otherwise herein provided for," shall be subject to "the same rate per gallon as wines imported in casks, but, all bottles containing one quart, or less than one quart, and more than one pint, shall be held to contain one quart, and all bottles containing one pint, or less, shall be held to contain one pint, and shall pay, in addition, three cents for each bottle." I think it very clear, that the words, "the same rate per gallon," refer, exclusively, to the specific duty imposed on wine in casks, and do not include the ad valorem duty. The latter can, in no just sense, be regarded as a "rate per gallon." The rate per gallon is specific, and fixed by the clause regulating the duty on wine imported in casks, at twenty-five cents, sixty cents, and one dollar, per gallon, the specific rate to be applied to each gallon to be ascertained by fixing the commercial value of the gallon. The act then adds to all wines imported in casks an ad valorem duty of twenty-five per cent. These specific rates imposed on wines imported in casks are then applied to wines imported in bottles, but the ad valorem duty is not referred to in connection with the latter. If congress had intended to impose on wine imported in bottles both the specific and the ad valorem duties laid on wine imported in casks, they certainly would have so declared in unambiguous terms. That could have been done by simply, in so many words, subjecting wine in bottles to the same rates of duty as wine in casks. I am satisfied, that the words, "the same rate per gallon," were used only with reference to the specific rate applied to each gallon, and are limited, by plain terms, to that, and that, consequently, the wine in question was only liable to the same specific

duty on the gallon as it would have been had the importation been in casks instead of bottles. Lawrence v. Caswell, 13 How. [54 U. S.] 488. The exaction, therefore, of the twenty-five per cent. ad valorem was not warranted by the statute, and the plaintiff is entitled to recover it back in this suit.

The remaining question is, whether the rate of duty levied by the collector on each gallon is the one prescribed by the statute. He required the plaintiff to pay one dollar upon each gallon. The plaintiff insists, that sixty cents per gallon was the rate to which this wine was subject. By the statement of facts agreed upon, it is undeniable, that the total value of the wine in question was $96. There were 111 gallons. The value per gallon was, therefore, less than one dollar; and, if this statement is as correct as it is simple, it is obvious, that sixty cents is the rate of duty which the law applies to each gallon, instead of one dollar, applied by the collector. Now, the statement of facts, after giving the total dutiable value of the 37 cases, including the price of the bottles, and the amount of charges, as $96, states, that "the appraisers returned the invoice to the collector, noting thereon, 'wine in cases, of 12 bottles each, 2¼ gallons to the case, $1—25%—3 cts.'" The collector then proceeded to liquidate the entry. In conformity to the statute, he fixed the number of gallons at three in each case of twelve bottles, in lieu of two and a quarter, noted by the appraisers. The appraisers had evidently given the number of standard or commercial gallons, and the number of bottles in each case, in order to enable the collector to fix the number of gallons which they were to be held to contain, under this statute, for the purpose of levying the duty prescribed. The return of the appraisers showed that each bottle contained more than one pint and less than one quart. By the statute, the collector was to hold them as containing one quart each, and he thus fixed the quantity at three gallons for each case, 111 gallons in all. On this quantity he levied a duty of $111, one dollar per gallon. Obviously, he took the value of the commercial or standard gallon, as noted by the appraisers, which was one dollar, and then applied the value of that gallon to the statutory gallon, as arbitrarily fixed by this Act. There is no pretence that there was any reappraisement or revaluation. The whole process was arithmetical. The noting on the invoice, by the appraisers, of "$1," is of no importance. It was erroneous, and in conflict with the other part of their return. It was based upon the value of the commercial or standard gallon, and was arrived at by taking that as the measure of quantity by which the value of the wine per gallon was to be ascertained, for the purpose of levying the duty. But, the duty prescribed by the statute upon each gallon is to be ascertained by arbitrary rule fixed by the law itself. Nothing can be clearer than that the appraisers took the standard or commer-

cial gallon as the rule of determining the quantity. The number of such gallons in the whole importation was 83¼. The value of the whole importation was $96. Therefore, the value of each gallon was over one dollar. But, applying the rule prescribed by the statute, which declares, that "all bottles containing one quart, or less than one quart, and more than one pint, shall be held to contain one quart," this importation contains 111 gallons. The collector so held, in fixing the quantity upon which he levied the duty. But, the value of the whole invoice was but $96. The value of the gallon, upon which duty was to be levied, must, therefore, have been less than one dollar, and, consequently, liable to a duty of only sixty cents. It will be noted, that the value of the whole importation is not only fixed, by the agreed statement of facts, at $96, but the collector, in estimating the amount of the ad valorem duty which he levied, took that sum as the basis of his calculation.

It is obvious, that this plain reading of the statute works neither injustice to the government, nor any unequal discrimination between wine imported in casks and that imported in bottles. It is a fact, within the common knowledge of all engaged in this branch of trade, and equally within the knowledge of congress, when it passed this act, that bottles in which wines are imported do not contain exactly a pint or a quart; that what are called "pints," contain less than a pint, and those called "quarts" less than a quart; and, consequently, the statute, arbitrarily and justly, enacted, that, though, in fact, these bottles might contain less than a pint or quart, respectively, still, they should be held, in the eye of the law, for the purpose of levying duty, to severally hold the full measures which their denomination would indicate. Some such rule is necessary, to avoid the useless trouble of gauging the contents of each bottle. Thus, in importations of wine in bottles of this character, the government secures a duty of about twenty-five per cent. beyond what it would receive by way of specific duty on wine in casks. This is equivalent to the ad valorem duty levied on wine in casks, but omitted on wine in bottles, and shows both the equality and harmony of this view of the different clauses of the Act under consideration.

On applying the statute governing this case to the agreed statement of facts submitted, the conclusion is, that the duties levied should have been on the 111 gallons of wine in the 444 bottles, sixty cents per gallon, making $66 60, and three cents each on the bottles, amounting to $13 32, making a total of $79 92, and no more. The excess which the collector levied over this sum. to wit. $68 40, was illegally exacted, and the plaintiff is entitled to recover it back, with costs. Let judgment be entered accordingly.